IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jose H. Calderon,                   :

          Plaintiff,                :   Case No. 2:15-cv-2396

     v.                             :   JUDGE EDMUND A. SARGUS, JR.

Ms. Kim, et al.,                    :   Magistrate Judge Kemp

          Defendants.               :

REPORT AND RECOMMENDATION

     Plaintiff, Jose Calderon, an inmate at the Lebanon
Correctional Institution, filed this action against two
defendants, identified in the complaint as "Manager Ms. Kim
'White Castle'" and White Castle Restaurants, Inc.  The Court has
previously granted him leave to proceed *in forma pauperis*.  The
case is now before the Court to conduct an initial screening
under 28 U.S.C. §1915(e)(2).  For the following reasons, it will
be recommended that the complaint be dismissed for failure to
state a federal law claim upon which relief can be granted.

I.  Legal Standard

     28 U.S.C. §1915(e)(2) provides that in proceedings *in
forma pauperis*, "[t]he court shall dismiss the case if ...
(B) the action ... is frivolous or malicious [or] fails to
state a claim on which relief can be granted...."  The
purpose of this section is to prevent suits which are a
waste of judicial resources and which a paying litigant
would not initiate because of the costs involved.  See
Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may
be dismissed as frivolous only when the plaintiff fails to
present a claim with an arguable or rational basis in law or
fact.  See id. at 325.  Claims which lack such a basis

include those for which the defendants are clearly entitled
to immunity and claims of infringement of a legal interest
which does not exist, see id. at 327-28, and "claims
describing fantastic or delusional scenarios, claims with
which federal district judges are all too familiar." Id. at
328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A
complaint may not be dismissed for failure to state a claim
upon which relief can be granted if the complaint contains
"enough facts to state a claim to relief that is plausible
on its face." Bell Atlantic Corp. v. Twombly, 550 U. S.
544, 570 (2007). Pro se complaints are to be construed
liberally in favor of the pro se party. Haines v. Kerner,
404 U.S. 519 (1972). The complaint will be evaluated under
these standards.

## II. Discussion

The Court observes, first, that the complaint is very
hard to understand. One thing is clear: it relates to
events which allegedly happened when Mr. Calderon worked for
White Castle. Less clear is when these things happened,
although the complaint appears to say that he worked there
between 2003 and 2005. A fair summary of Mr. Calderon's
claim would be that he had to do extra work that others did
not have to do and that he was watched all the time in a way
which he believed made it a hostile work environment. He
seems to claim that this treatment occurred because he is a
white American.

Mr. Calderon and the defendants would both appear to be
citizens of the State of Ohio. That means that the only way
he can pursue his claims of hostile work environment and
discrimination in this Court is to bring a claim under
federal law. He has not identified any federal law in his
complaint. 42 U.S.C. §1983, the statute which protects

-2-

citizens against violations of their constitutional rights, does not apply to private citizens like White Castle or its employees, but only to persons who are state or municipal governmental officials or entities.  <u>See</u>, <u>e.g.</u>, <u>Flagg Bros. v. Brooks</u>, 436 U.S. 149, 155 (1978); <u>Searcy v. City of Dayton</u>, 38 F.3d 282, 286 (6th Cir. 1994)(stating that one of the elements of a claim under Section 1983 is an action taken under color of state law).  Consequently, if Mr. Calderon has stated a claim under federal law against the defendants, it must come from some other statute.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, does allow suits against private employers for discrimination, including hostile work environment claims based on someone's race or national origin.  <u>See, e.g., Ejikeme v. Violet</u>, 307 Fed.Appx. 944, 949 (6th Cir. Jan. 26, 2009)("Under Title VII, a plaintiff establishes a prima facie case of a hostile work environment based on race, religion, or national origin by demonstrating that (1) she was a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on race, religion, or national origin; (4) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and (5) the employer is liable").  However, before a plaintiff can file a case under Title VII, he or she must file an administrative claim with the Equal Employment Opportunity Commission or a designated state agency and receive a right-to-sue letter.  As the Court of Appeals explained in <u>Williams v. Northwest Airlines, Inc.</u>, 53 Fed.Appx. 350, 351 (6th Cir. Dec. 18, 2002), "[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII ... action," citing the

-3-

Supreme Court's decision in <u>Irwin v. Dep't of Veterans Affairs,</u> 498 U.S. 89, 96 (1990).

The provision under which cases like this - that is, ones brought *in forma pauperis* - are to be judged requires that a complaint be dismissed if it does not state a claim on which relief can be granted.  That is also the standard for granting a motion to dismiss which is filed under Fed.R.Civ.P. 12(b)(6).  This Court has held that "failure to exhaust administrative remedies may appropriately be resolved by motion to dismiss under Rule 12(b)(6)." <u>Weldon v. Warren County Children Services</u>, 2012 WL 5511070, *4 (S.D. Ohio Nov. 14, 2012).  Mr. Calderon's complaint does not say that he exhausted his administrative remedies, and he has not attached a right-to-sue letter.  If he really did stop working at White Castle in 2005, it is also likely that his complaint has been filed too late and that he can no longer file a timely charge with the EEOC; any administrative charge would have had to have been filed within 300 days of the alleged acts of discrimination, and any suit filed within ninety days of receipt of a right-to-sue letter.  42 U.S.C. § 2000e-5(e).  But due to his failure to state in his complaint that he ever filed such a charge, the complaint should be dismissed.

### III.  Recommendation

For all of the reasons stated above, it is recommended that this case be dismissed under 28 U.S.C. §1915(e)(2) because the complaint does not state a federal claim upon which relief can be granted, and because, under those circumstances, the Court should not exercise jurisdiction over any state law claims.  For the same reasons, Mr. Calderon's motions for reconsideration and for issuance of summonses (Doc. 6 and 7) should be denied.

IV.  <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).


<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge