UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE H. CALDERON,

    Plaintiff,

v.

Ms. KIM, et al.,

    Defendants.

Case No. 2:15-CV-2396
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Jose H. Calderon's ("Plaintiff") Objections (ECF Nos. 11, 12) to the Magistrate Judge's October 20, 2015 Initial Screening Report and Recommendation (ECF No. 8) ("Report & Rec."). For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the October 20, 2015 Report and Recommendation. Accordingly, Plaintiff's Complaint is **DISMISSED**.

### I.

Plaintiff initiated this lawsuit by filing a Complaint (the "Complaint" or "Compl.") on June 23, 2015 (ECF No. 4). Earlier on June 23, 2015, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 3) was granted by the Magistrate Judge. Plaintiff appears to allege that Ms. Kim ("the Manager"), and White Castle Restaurants, Inc. ("Defendants") mistreated him while he worked for White Castle, and he was perceived as "not American." Less clear is when these things happened, although the complaint appears to say that he worked there between 2003 and 2005. A fair summary of Mr. Calderon's claim would be that Mr. Calderon had to do extra work that others did not have to do, and that he was watched all the time, in a way which he believed made it a hostile work environment. The Magistrate Judge conducted an initial

1

screen of Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2), and recommended that Plaintiff's claims be dismissed for failure to state a claim upon which relief can be granted. The Court will treat Plaintiff's subsequent filings (ECF No. 11, 12) as objections to the Magistrate Judge's decision recommending dismissal.

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

The Magistrate Judge recommended dismissal of the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). According to 28 U.S.C. § 1915(e), a court may dismiss an *in forma pauperis* litigant's case at any time if it determines that the litigant fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). The Sixth Circuit applies Federal Rule of Civil Procedure 12(b)(6) standards to review whether a complaint states a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e) (2)(B)(ii). *See Hill v. Lappin,* 630 F.3d 468, 47071 (6th Cir.2010) (applying the *Twombly–Iqbal* plausibility standard to a review under 28 U.S.C. § 1915(e)(2)(B)(ii)). Under these standards, a complaint must provide more than a recitation of the elements of a cause of action or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id* (quoting *Twombly,* 550

U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As an additional note applicable to this case, a *pro se* litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 52021, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Even so, *pro se* plaintiffs must still comply with the procedural rules that govern civil cases. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *see also Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989) ("Neither [the Supreme Court in *Haines v. Kerner* ] nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits.").

## III.

In order to state a claim upon which relief can be granted, Mr. Calderon's complaint must contain allegations that address "all the material elements to sustain a recovery under some viable legal theory." *Lewis v. ACB Bus. Services, Inc.,* 135 F.3d 389, 406 (6th Cir.1998).

### A.

In the Report and Recommendation, the Magistrate Judge explained that, although Mr. Calderon did not cite a specific statutory provision, he appears to bring these allegations under Title VII. This Court agrees with and adopts the Magistrate Judge's analysis. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, does allow suits against private employers for discrimination, including hostile work environment claims based on someone's race or national origin. *See, e.g., Ejikeme v. Violet,* 307 Fe.dApp'x. 944, 949 (6th Cir. Jan. 26, 2009) ("Under Title VII, a plaintiff establishes a prima facie case of a hostile work environment based on race, religion, or national origin by demonstrating that (1) she was a member of a protected class; (2)

she was subjected to unwelcome harassment; (3) the harassment was based on race, religion, or national origin; (4) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and (5) the employer is liable"). However, before a plaintiff can file a case under Title VII, he or she must file an administrative complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") or a designated state agency and receive a "right-to-sue" letter. As the Court of Appeals explained in *Williams v. Northwest Airlines, Inc.*, 53 Fed. App'x. 350, 351 (6th Cir. Dec. 18, 2002), "[f]ailure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII . . . action," citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Following the filing of the Report and Recommendation, Mr. Calderon filed a motion, attaching a letter he had received from the EEOC dated April 13, 2015. However, it is not a right-to-sue letter. Rather, the letter explains that "Since the harm of which you complained occurred in 2004, and your initial correspondence was not received by the EEOC until October 27, 2014, more than 300 days later, your complaint is beyond the statute of limitations. We therefore have no authority to investigate your allegations." (ECF No. 11, at 2.) Regardless, Mr. Calderon appeals the Magistrate Judge's Report and Recommendation (ECF No. 12, at 2).

This Court concurs with the findings of the Magistrate Judge. As the EEOC has explained, the administrative complaint has been filed too late, and Mr. Calderon's Title VII complaint is beyond the statute of limitations. For all of the reasons stated above and in the Report and Recommendation, Mr. Calderon's complaint must be dismissed.

**B.**

For the same reasons, Plaintiff's motions for reconsideration and for issuance of summonses (ECF Nos. 6 and 7) must be denied.

IV.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections, (ECF No. 11, 12), and **ADOPTS** the October 20, 2015 Initial Screening Report and Recommendation (ECF No. 8). Accordingly, Plaintiff's claims are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

2-5-2016
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT CHIEF JUDGE**